IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL FEITLER,

    Plaintiff,    Civil No. 04-1694-HA

  v.        OPINION
           AND ORDER
JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

    Defendant.

---

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, Oregon 97308
  Attorney for Plaintiff

Karin J. Immergut

1 - OPINION AND ORDER

United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104
    Attorneys for Defendant

HAGGERTY, Chief Judge:

Plaintiff Daniel Feitler brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) denying his application for Social Security Disability Insurance Benefits (DIB). For the following reasons, the court affirms the Commissioner's decision.

**ADMINISTRATIVE AND FACTUAL HISTORY**

On October 22, 2001, plaintiff filed an application for DIB. The application was denied initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on June 15, 2004, and on July 30, 2004, ALJ Jean Kingrey issued a decision denying plaintiff's application. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. 20 C.F.R. §§ 404.981, 422.210; *see also Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988).

Plaintiff was forty-seven years old at the time of the hearing. He received a high school diploma and has some college education. His past relevant employment history

includes work as a truck driver. He alleges disability beginning January 1997 due to chronic back pain, insomnia, depression, anxiety, and arthritis. For purposes of determining eligibility for benefits, plaintiff's last insured date was June 30, 2001. Accordingly, for plaintiff to receive DIB, he must prove that he was disabled on or before June 30, 2001. *See* 20 C.F.R. § 404.131; *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1460 (9th Cir. 1995).

Plaintiff has been diagnosed with spondylolisthesis, bilateral herniation, attention deficit disorder, thoracic scoliosis, anxiety, depression, and exogenous obesity. At the hearing, he testified that he must lie down for two to three hours per day during an eight-hour weekday. He can stand for fifteen to thirty minutes at a time and can sit for forty-five minutes to an hour at a time. He is unable to perform household chores continuously and has difficulty bending and stooping.

Medical expert Dr. Susan Dragovich, a psychologist, testified that prior to June 30, 2001, plaintiff's attention deficit disorder and anxiety were "mild" and that his depression appeared to be situational and related to domestic affairs or efforts to secure medical marijuana. AR 238. She also testified that as of the last date insured, plaintiff did not suffer from any limitations due to psychological impairments. *Id.* In addition, Dr. Dragovich saw nothing in the medical records to suggest that plaintiff was suffering from any psychological impairments. *Id.*

## STANDARDS

A person may be eligible for DIB if he or she has insured status under the Act and suffers from a physical or mental disability. 42 U.S.C. § 423(a)(1).

A claimant is disabled for purposes of the Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is so severe that he or she "is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Below is a summary of the five steps:

<u>Step One</u>. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not working in a substantially gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. If not, the claimant is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment. Therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

When a determination of disability cannot be made at any of the first three Steps, the Commissioner then determines the claimant's RFC, which is what the claimant can still do despite his or her limitations. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. If so, the claimant is not disabled. If the claimant demonstrates he or she cannot do work performed in the past the Commissioner's evaluation of the claimant's case proceeds to Step Five. 20 C.F.R. § 404.1520(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds the claimant is able to perform other work, the Commissioner must identify the existence of a significant number of

jobs in the national economy that the claimant can perform. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner does not meet this burden, the claimant is considered disabled. 20 C.F.R. § 404.1520(f)(1); *see also Tackett*, 180 F.3d at 1099.

The burden of proof is on the claimant as to Steps One through Four. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

The Commissioner has an affirmative duty to develop the record. 20 C.F.R. § 404.1512(d); *DeLorme*, 924 F.2d at 849. In that sense, the proceedings are not adversarial, and the Commissioner shares the burden of proof at all stages. *Id.*; *Tackett,* 180 F.3d at 1098 n.3.

The Commissioner's findings as to any fact, if supported by substantial evidence, is conclusive. 42 U.S.C. § 405(g). Accordingly, the district court must affirm the findings of fact as long as they are supported by substantial evidence and if the proper legal standards were applied. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990). Whether substantial evidence supports a finding is ascertained by reviewing the record as a whole, with the court weighing the evidence that supports as well as the evidence that detracts from the ALJ's conclusion.

*Sandgathe*, 108 F.3d at 980. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

**ANALYSIS**

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date. At Steps Two and Three, the ALJ determined that plaintiff had the severe impairment of spondylolisthesis, although it did not meet or equal the requirement of a listed impairment, and that he had no severe non-exertional impairments. The ALJ also found that plaintiff had the residual functioning capacity for a full range of light work. At Step Four, the ALJ found that plaintiff was unable to perform his past relevant work. At Step Five, aided by the Medical-Vocational Guidelines (the Grids), the ALJ found that plaintiff was able to perform other work that existed in significant numbers in the national economy and, therefore, was not disabled within the meaning of the Act.

Plaintiff assigns error to the ALJ's findings at Step Five. Specifically, plaintiff argues that the ALJ erred by: (1) improperly rejecting the opinion of Dr. Stephen Knapp, M.D.; (2) improperly discrediting plaintiff's testimony; and (3) failing to elicit testimony from a VE.

//

//

//

Dr. Knapp's Opinion

To reject a treating physician's uncontroverted medical opinion, the ALJ must provide clear and convincing reasons for doing so. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citations omitted).

Plaintiff argues that the ALJ erred in rejecting the Medical Source Statement-Physical form submitted by Dr. Knapp. Doctor Knapp completed the form on June 7, 2004, nearly a year and a half after Dr. Knapp last treated plaintiff. Notwithstanding this, Dr. Knapp opined that plaintiff could frequently lift and carry no more than ten pounds; occasionally lift and carry up to fifteen pounds; stand and walk continuously for no more than thirty minutes or a total of one hour during an eight-hour workday; and sit continuously for no more than one hour. Dr. Knapp further opined that plaintiff was limited in his abilities to climb, stoop, knees, crouch, or crawl.

The ALJ rejected this opinion, explaining that the assessments were made, without explanation, sixteen months after Dr. Knapp last saw plaintiff, and three years after plaintiff's last date of insured status. The ALJ also found Dr. Knapp's conclusions to be inconsistent with Dr. Knapp's previous treatment notes, which indicated that plaintiff was feeling better in general and that his pain was controlled with marijuana. The ALJ further noted that Dr. Knapp's assessment was inconsistent with the lack of any medical recommendation to plaintiff to seek ongoing treatment or therapy since 1995.

There is no suggestion in the scant medical records that plaintiff's condition requires more than conservative medical treatment. It appears that plaintiff is satisfied with the results of the medical marijuana treatment. The court finds these reasons to be sufficiently clear and convincing to reject Dr. Knapp's check-the-box form opinion. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected three psychological evaluations because they were check-off reports that lacked any explanation for their conclusions).

The ALJ properly rejected plaintiff's testimony

Plaintiff assigns error to the ALJ's rejection of his testimony that he has severe back problems that affect his ability to bend and stoop. Where there is no affirmative evidence of malingering, an ALJ may reject a claimant's symptom testimony by providing clear and convincing reasons supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

The ALJ found plaintiff's testimony to be not entirely credible. She noted that initially, plaintiff had difficulty explaining his failure to seek medical care other than due to lack of finances. Yet, upon further questioning, plaintiff revealed that he had considerable financial resources, including a trust fund and significant revenue from real estate proceeds. The ALJ also noted inconsistencies between plaintiff's stated level of pain and his efforts to ameliorate it. Although plaintiff testified that he was often in pain and severely restricted functionally, he made little to no efforts to seek medical treatment or physical therapy.

Plaintiff stated that he relied on medical marijuana to ease the pain, obviating the need for other pain medications. However, plaintiff was using marijuana prior to it being medically authorized.

This court concludes that the ALJ rejected plaintiff's testimony properly. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation . . . and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.").

<u>The ALJ properly relied on the Grids to determine plaintiff's residual functioning capacity</u>

Plaintiff argues that because he suffers from severe non-exertional limitations, the ALJ should have taken VE testimony instead of relying on the Grids. Generally, because the Grids are based on strength (exertional) limitations, if a claimant suffers only from exertional limitations, applying the Grids to determine the claimant's residual functioning capacity is appropriate. *See Reddick*, 157 F.3d at 729 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b)). If, however, it is found that a claimant suffers from severe non-exertional limitations, reliance on the Grids is inappropriate because they do not accurately describe a claimant's abilities and limitations in that respect. *Id.* (citations omitted).

Here, the ALJ determined that plaintiff had the exertional residual functional capacity to perform substantially all seven primary strength demands required by light work and had no nonexertional limitations. The ALJ then applied Medical Vocational Rule 202.21 and

found that plaintiff could perform the demands of the full range of light work and was not disabled within the meaning of the Act.

The only evidence that plaintiff suffers from non-exertional limitations is plaintiff's testimony that he has difficulty bending and stooping while performing household tasks, and Dr. Knapp's discounted opinion that plaintiff should refrain from crawling and frequent climbing, kneeling, crouching, and stooping. As discussed above, the ALJ properly rejected plaintiff's testimony as being not entirely credible and, furthermore, properly discounted this portion of plaintiff's testimony because plaintiff failed to prove that these limitations existed during the relevant time period. And, as noted, the ALJ provided clear and convincing reasons supported by substantial evidence to reject Dr. Knapp's opinion.

Plaintiff's reliance on *Burkhart v. Bowen*, 856 F.2d 1335, 1340-41 (9th Cir. 1998), is inapposite. In that case, the ALJ specifically found that the claimant suffered from "significant mental and manipulative non-exertional limitations." *Id.* Having made these findings, the Court of Appeals ruled that the ALJ erred by failing to elicit testimony from a VE. Such is not the case here.

//

//

//

//

//

**CONCLUSION**

As recognized above, this court must affirm the Commissioner's decision when it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. The Commissioner's denial of benefits must be upheld even when the evidence is susceptible to more than one rational interpretation, so long as one interpretation supports the Commissioner's decision. For the foregoing reasons, this court concludes that the Commissioner's decision is based on correct legal standards and is supported by substantial evidence in the record. The Commissioner's denial of plaintiff Daniel Feitler's application for DIB, therefore, is AFFIRMED. This matter is DISMISSED.

IT IS SO ORDERED.

DATED this __31___ day of August, 2005.

_____/s/Ancer L.Haggerty_____
ANCER L. HAGGERTY
United States District Judge